Received and E-Filed for Record
8/25/2021 2:56 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Taycee Aragon

21-08-11743

Cause No. _____

| | | |
|---|---|---|
| LEON DANTE HOLLINS | § | IN THE DISTRICT COURT |
| | § | |
| | § | MONTGOMERY COUNTY. |
| VS. | § | TEXAS |
| | § | |
| WHEATON VAN LINES, INC., | § | Montgomery County - 284th Judicial District Court |
| STEVEN MOSKOWITZ, AND | § | |
| AUDREY VICTORIA STAFFA | § | ____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, LEON DANTE HOLLINS, hereinafter Plaintiff, and files this Plaintiff's Original Petition, complaining of WHEATON VAN LINES, INC., STEVEN MOSKOWITZ, and AUDREY VICTORIA STAFFA, hereinafter Defendants, and for cause of action would respectfully show the Court and Jury the following:

**I.
DISCOVERY CONTROL PLAN**

Plaintiff intends to conduct discovery in this matter under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure.

**II.
PARTIES**

Plaintiff, LEON DANTE HOLLINS, is a resident of Missouri City, Fort Bend County, Texas.

Defendant WHEATON VAN LINES, INC., is a foreign corporation conducting business within the State of Texas. Defendant may be served with process by delivering citation to its registered agent, Mark J. Kirschner, located at 8010 Castleton Rd., Indianapolis, Indiana 46250.

1

Exhibit B-2

Defendant STEVEN MOSKOWITZ, is an individual and resident citizen of Oceanside, California. Defendant may be served with process by delivering citation to him at his residential address of 420 Stoney Point Way, Oceanside, California 92085.

Defendant, AUDREY VICTORIA STAFFA, is an individual and resident citizen of Dripping Springs, Texas.  Defendant may be served with process by delivering citation to her at her residential address of 235 South Sage Hollow, Dripping Springs, Texas 78620.

Pursuant to Rule 28 of the Texas Rules of Civil Procedure, if either Defendant has not been named accurately, Plaintiff respectfully requests the Court substitute the true and correct name of the individual, individuals, entity or entities.

## III.
## VENUE

Venue is proper and maintainable in Montgomery County, Texas since one of the incidents subject of this suit occurred in said County.  The Court has jurisdiction in this matter since Plaintiff's damages are within its jurisdictional limits.

## IV.
## FACTS

**WRECK #1:**

Plaintiff LEON DANTE HOLLINS, brings this suit to recover damages for personal injuries sustained by Plaintiff in a collision with a 2009 Freightliner operated by Defendant driver, STEVEN MOSKOWITZ, on May 1, 2021.  Plaintiff LEON DANTE HOLLINS was parked in a commercial lot. Defendant driver STEVEN MOSKOWITZ, began to reverse the tractor trailer, ultimately colliding with the rear of Plaintiff's vehicle.  Defendant failed to keep a proper lookout, failed to control his speed and failed to timely apply his brakes. Plaintiff was

restrained at the time, and upon impact, was violently jarred by the force of the collision.

Defendant STEVEN MOSKOWITZ was driving a tractor-trailer owned by Defendant WHEATON VAN LINES, INC. while into the course and scope of his employment with WHEATON VAN LINES, INC.

**WRECK #2:**

On May 31, 2021, Plaintiff, LEON DANTE HOLLINS was traveling eastbound on I-10. Defendant AUDREY VICTORIA STAFFA was also traveling eastbound on I-10, when she collided with the vehicle immediately in front of her and lost control of her vehicle. That vehicle in turn then collided with Plaintiff's vehicle, causing Plaintiff to crash into the median.

The Plaintiffs' actions or inactions neither contributed to nor caused the occurrence in question. Rather, it was the negligence of each Defendant, which was the sole and proximate cause of the occurrence and the injuries sustained by Plaintiff.

### V.
### NEGLIGENCE AND NEGLIGENCE PERSE

In accident of May 1, 2021, Defendant STEVEN MOSKOWITZ, was negligent in one or more of the following particulars, of which each act and/or omission, individually or collectively, constitutes negligence and/or negligence per se and proximately caused the collision and the resulting injures and damages to Plaintiff:

　　a.　In travelling at an excessive rate of speed;

　　b.　In failing to timely apply his brakes

　　c.　In operating his vehicle in a negligent and/or reckless manner;

    d. In failing to keep a proper lookout; and

    e. In failing to take proper and safe evasive action.

In accident of May 31, 2021, Defendant, AUDREY VICTORIA STAFFA, was negligent in one or more of the following particulars, of which each act and/or omission, individually or collectively, constitutes negligence and negligence per se and proximately caused the collision and the resulting injuries and damages to Plaintiff:

    a. In traveling at an excessive rate of speed;

    b. In failing to timely apply her brakes.

    c. In violating the Texas Transportation Code Sections 545.062, 545.351, 545.101, and 545.401.

    d. In operating her vehicle in a negligent and/or reckless manner.

    e. In failing to keep a proper lookout; and

    f. In failing to take proper and evasive action.

Therefore, such violations constitute negligence per se. Plaintiff would ask that the Court take judicial Notice of the code sections referenced above.

## VI.
## RESPONDEAT SUPERIOR

Defendant WHEATON VAN LINES, INC. is legally responsible to Plaintiff for the negligent conduct of STEVEN MOSKOWITZ under the legal doctrines of *Respondeat Superior* because Defendant STEVEN MOSKOWITZ was at all times material hereto an agent, ostensible agent, servant and/or employee of WHEATON VAN LINES, INC., and was acting within the course and scope of his employment. As a result, Defendant WHEATON VAN LINES, INC. is vicariously liable for all negligence of Defendant STEVEN MOSKOWITZ.

4

When it is alleged that Defendants, STEVEN MOSKOWITZ, or WHEATON VAN LINES, INC. did any act, it is meant that WHEATON VAN LINES, INC.'s employees, agents, officers, representatives or servants did such act or failed to do such act, and at the time such act or omission occurred, it was with full knowledge, authorization or ratification of the defendant or was done in the normal and routine course and scope of employment of such person. Under the doctrine of *Respondeat Superior,* WHEATON VAN LINES, INC. is liable to the Plaintiff for the conduct or omissions of its employees, including, but not limited to STEVEN MOSKOWITZ.

## VII.
## NEGLIGENCE/NEGLIGENT ENTRUSTMENT/FAILURE TO PROPERLY TRAIN/DEFENDANT WHEATON VAN LINES, INC.

At all relevant times, Defendant WHEATON VAN LINES, INC. was the owner of the tractor-trailer/commercial vehicle and the employer of Defendant STEVEN MOSKOWITZ acting in the course and scope of his employment at the time of the negligent acts and crash in question.

Defendant WHEATON VAN LINES, INC. was also negligent in failing to properly train, instruct and supervise Defendant STEVEN MOSKOWITZ, and such negligence proximately caused the accident made the basis of this lawsuit and Plaintiff's injuries and damages.

Defendant WHEATON VAN LINES, INC. was independently negligent and negligent *per se* in the entrustment of its 18-wheeler to Defendant STEVEN MOSKOWITZ.  Plaintiff therefore brings this action under general negligence and negligent entrustment theories against WHEATON VAN LINES, INC.

## VIII.
## INJURIES

In the collision of May 1, 2021, referenced above which is made the basis of this suit, Plaintiff suffered injuries to his body. As further result of the collision, Plaintiff suffered physical pain and mental anguish, as well as other damages set out below. In the alternative, in the event that it is determined that any portion of Plaintiff's injuries were sustained in the collision of May 31, 2021, Plaintiff contends such injuries are indivisible.

## IX.
## MEDICAL CARE

As a further result of the injuries sustained by Plaintiff, he has incurred expenses for medical care and attention in an amount exceeding the jurisdictional limits of the Court. These expenses were incurred for necessary care and treatment of injuries resulting from the collision made the basis of this suit and the charges are reasonable and customary charges for such services in or around Montgomery County, Texas.

## X.
## DAMAGES

As a direct and proximate cause of the acts and omissions set out above, Plaintiff sustained injuries in the accident made the basis of this suit. From the date of the occurrence in question until the time of trial of this case, those elements of damages should be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonable compensate Plaintiff for each of the elements as follows:

1. All damages requested including monetary relief over $1,000,000.00;

2. physical pain and mental anguish in the past and future;

3. lost wages and loss of earning capacity in the future;

4. physical disfigurement in the past and future;

5. physical impairment in the past and future;

6. medical expenses in the past and future; and,

7. all other damages allowed by law and equity.

.

## XI.
## PRE-JUDGMENT INTEREST

Plaintiff would additionally show that he is entitled to recovery of pre-judgment interest in accordance with law and equity as part of his damages herein, and Plaintiff here and now sues for recovery of pre-judgment interest as provided by law and equity, under the applicable provisions of the laws of the State of Texas.

## XII.
## PLAINTIFF'S REQUEST FOR JURY TRIAL

Plaintiff's hereby request this case be heard by a Jury Trial.

## XIII.
## RESERVATION OF RIGHTS

These allegations against Defendants are made acknowledging that investigation and discovery are continuing in this matter.  As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional and/or different allegations, including the potential of adding additional parties or dismissing parties from the case.  The right to do so, under Texas Law is expressly reserved.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, for the foregoing reasons, Plaintiff requests Defendants be cited and appear herein and answer, that upon final trial or other disposition of this lawsuit, Plaintiff has and recovers judgment against Defendants jointly and severally for the following: (1) judgment against Defendants for actual and compensatory damages in accordance with the evidence; (2) pre-judgment and post-judgment interest as provided by law; (3) costs of court; and (4) such other and further relief, general and special, at law and in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,
**MAIDA LAW FIRM**

_____
**SAM A. MAIDA, JR.**
State Bar No. 00787950
smaidajr@maidalawfirm.net
**JERRY C. VON STERNBERG**
State Bar Number 20618150
jvonsternberg@maidalawfirm.net
**GABRIEL DE VEGA**
State Bar No. 24069585
Gdevega@maidalawfirm.net
8313 Southwest Freeway, Suite 102
Houston, Texas  77074
Telephone     (713) 785-9484
Facsimile       (713) 583-7099

ATTORNEYS FOR PLAINTIFF